1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

GILBERT SALICIDO,

12                     Plaintiff,

13          v.

14    E. MUNOZ,

15                     Defendant.

16

17

18

19

Case No. 1:25-cv-00575-EPG (PC)

ORDER TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER; AND FAILURE TO UPDATE PLAINTIFF'S ADDRESS

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

(ECF No. 7).

20          Plaintiff Gilbert Salicido, confined at the Madera County Jail when this case was filed on

21    May 15, 2025, proceeds *pro se* and *in forma pauperis* in this civil rights lawsuit filed pursuant to

22    42 U.S.C. § 1983. (ECF Nos. 1, 6).

23          On September 19, 2025, the Court's screening order was returned as undeliverable,

24    indicating that Plaintiff was no longer in custody at Madera County Jail.  More than 30 days have

25    passed and Plaintiff has not filed an updated address with the Court.  Accordingly, this Court

26    recommends that this case be dismissed without prejudice for failure to prosecute this case,

27    failure to comply with a court order, and failure to update Plaintiff's address.

28

1

I.      **BACKGROUND**

The Court issued a screening order regarding Plaintiff's complaint on September 10, 2025, concluding that only the following claim should proceed past the screening stage: Plaintiff's Fourteenth Amendment excessive force claim against Doe Defendants. (ECF No. 7, p. 5). The Court gave Plaintiff 30 days to (1) notify the Court that he wanted to proceed on only this claim; (2) file a first amended complaint; or (3) notify the Court that he wanted to stand on his complaint. (*Id.* at 5-6).

On September 19, 2025, the Court's screening order was returned, "as Undeliverable, Not in Custody: 7 Screening Order, sent to Gilbert Salicido, 195 Tozer St., Madera, CA 93638."

More than 30 days have passed since the order was returned, and Plaintiff has not filed an updated address with the Court.  Plaintiff has also not responded to the screening order, or filed anything else in this case since that time.

Rule 183(b) of the Local Rules of the Eastern District of California state:

> **(b) Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

The Court notes that the informational order served on Plaintiff the day after he filed this lawsuit generally advised him of the need to comply with Court orders.  (ECF No. 2, p. 1). That order specifically advised him of the requirement to keep the Court updated as to his address:

> If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be reserved a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within thirty-three (33) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

(*Id.* at 5).

II.     **ANALYSIS**

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

2

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to timely respond to the Court's screening order. (ECF No. 7). Moreover, Plaintiff has failed to keep the Court informed of his address as required under Local Rule 183(b). These failures are delaying the case and interfering with docket management, as the case cannot progress without Plaintiff's participation and an address for Plaintiff to receive court filings. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case, comply with a court order, and update his address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action, has failed to comply with a court order, and has not timely updated his address, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

### III.    ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

And for the reasons explained above, IT IS RECOMMENDED that:

1.    This case be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case, failure to comply with a court order, and failure to update his address.

2.    The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __October 30, 2025__         /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

4